UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG CAMALO SMITH, #638106,

    Plaintiff,                                    Civil Case No. 23-cv-12646
v.                                            HON. BERNARD A. FRIEDMAN

SHANNON FLAUGHER, *et. al.*,

    Defendants.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT</u>**

I.    <u>Introduction</u>

Craig Camalo Smith is incarcerated with the Michigan Department of Corrections ("MDOC") at the Saginaw Correctional Facility in Freeland, Michigan. He commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). For the following reasons, the complaint is summarily dismissed for failing to state a claim for relief.

II.    <u>Background</u>

Smith alleges that MDOC officials charged him with a Class 1 misconduct violation for possession of a weapon by an inmate. He maintains that he was not afforded sufficient time to prepare an adequate defense prior to his misconduct hearing. A hearing officer found him guilty of the charged offense. Although Smith does not detail what penalties he received, the Class 1 misconduct hearing report

appended to the complaint indicates that he received 10 days in toplock and 20 days loss of privileges. The report does not indicate whether the hearing officer ordered the forfeiture of good-time or disciplinary credits. (ECF No. 1, PageID.18). Smith filed a request for a rehearing that was denied. He now claims that MDOC officials violated his rights to due process and a fair hearing because they did not allow him sufficient time to prepare his defense.

III.  Legal Standards

The Court allowed Smith to proceed with this litigation without prepaying the filing fee. 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). 28 U.S.C. § 1915(e)(2)(B) provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (. . .)
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are

indisputably meritless. *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citation omitted); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir.1990). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

Federal courts are permitted to consider any prison grievances, as well as responses to those grievances, that are attached to and incorporated in a *pro se* prisoner complaint when determining whether the case is subject to summary dismissal. *See, e.g., White v. Caruso*, 39 F. App'x 75, 78 (6th Cir. 2002). Courts are also permitted to review other documents that are attached to a *pro se* complaint to determine whether the plaintiff states a cognizable claim for relief. *See, e.g., Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001).

A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that (1) the defendant acted under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential

element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

IV. <u>Analysis</u>

According to the United States Supreme Court, a punishment stemming from a prison disciplinary action does not implicate a due process liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff was convicted of a Class 1 misconduct violation, but never forfeited his good-time credits or received an impermissible extension of his sentence. And the Sixth Circuit Court of Appeals has consistently held that prison misconduct convictions that do not result in the loss of good time or disciplinary credits, or an extension of the inmate's sentence, are not atypical and significant deprivations that violate due process. *See, e.g., McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

What is more, the sanctions imposed upon Smith do not represent a deprivation of a constitutionally protected liberty interest. *See, e.g., Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation do not implicate a liberty interest sufficient to invoke the Due Process Clause);

4

*Green v. Waldren*, No. 99–1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000) (toplock does not represent an atypical or significant hardship amounting to a violation of any liberty interest); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug.12, 1999) (finding no liberty interest implicated where the inmate's sanctions included destruction of the contraband which led to his misconduct violation, five days in toplock, fourteen days loss of privileges, and 120 days extra duty).

Because he fails to plausibly establish that MDOC officials violated his constitutional rights, Smith cannot proceed further with this case. Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that any appeal take from the ensuing judgment would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

Dated: February 1, 2024
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 1, 2024.

| | |
|---|---|
| **Craig Camalo Smith - 638106**<br>SAGINAW CORRECTIONAL FACILITY<br>9625 PIERCE ROAD<br>FREELAND, MI 48623 | s/Johnetta M. Curry-Williams<br>Case Manager |